Opinion delivered by
Pearson, P. J.
The first question raised relates to the necessity of making an affidavit—whether the case comes within the rule of court ? At one time it was held that where the note was for any purpose requiring the averment of performance by the plaintiff, the claim was not of a character calling for an affidavit, as in the present case. Although the obligation is for a certain sum, twelve hundred dollars, yet it is only to be paid in such portions and times as the insurance company to which it was given may require. A practice has grown up, founded on what was said by Judge Rogers in The Bank of U. S. v. Thayer, 2 W. and S. 443, see page 447, that the extraneous matters, when necessary, may be averred and the affidavit should deny the fact is disputed. Therefore the case of the company may properly be stated, and if not legally made can be denied by the defendant. This view is strengthened by the charter law which requires a premium note to be given. The ninth section of the Act provides that suit may be *39 brought on such notes from time to time, according to the assessments ; and the tenth section makes the certificate of section seven prima facie evidence of the amount due. This is therefore an instrument of writing for the payment of money, and the sum is fixed and certain within the 52d rule of this court, requiring an affidavit of defence.
As we understand this affidavit it does not make out any legal defence. It states that the assessment on which the suit was brought was not required for any legitimate losses or expenses of the company; that the said company, by mismanagement or fraud, became insolvent before the assessment was made, and therefore the protection of the policy was destroyed and the consideration of the note failed. It is impossible to read this without seeing that it forms a connected sentence. ITad it said that the assessment was not required to pay losses or expenses without more, *it would have met the demand, for it is only when required to meet losses or expenses that a call can be made ; but when it says that it was not required for any legitimate losses or expenses, followed by the averment that the company, by mismanagement and fraud, became insolvent before the assessment was made, it shows that the fund is required from the stockholders on account of such insolvency, and the excuse for not paying his note is that owing to this insolvency he has no security for losses that may occur. If all of this were proved it would not amount to a defence in law, for the defendant must bear in mind that he is a member of this corporation, and if badly managed he is responsible therefor with other stockholders, and must pay his portion of losses until his whole note is exhausted, although thereby no fund is left to secure his property against loss. This is a risk which is run by every one who joins a mutual insurance company; such is, in effect, the decision in Hackney v. The Allegheny Co. Mutual, 4 Barr, 185, and is almost identical with the defence in Stirling v. The Mercantile Mutual, etc., 8 Casey, 75. If fraudulent arts are relied on by way of defence, their nature and character should be set forth that the court may judge how far they would tend to relieve the defendant, or to what extent he, as a corporator, may be considered a participant. For an analogous principle to this alleged failure of consideration, see Coil v. The Pittsburg Female College, 4 Wright, 439.
*40 The language of this affidavit must be most strongly construed against the affiant, and taking it all as stated, it furnishes no legitimate defence. Judgment must therefore be rendered in favor of the plaintiff.